[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO OPEN JUDGMENT
The Complaint in this action was served in 1997.[1] Thereafter nothing occurred in furtherance of the prosecution of this action except the plaintiffs' filing of revised complaints in response to requests to revise filed by the defendant. On December 21, 2001 an application to transfer this case to the Complex Litigation Docket was granted. On December 31, 2001, the notice of the first status conference was sent to the parties; That conference was scheduled for 2:00 p. m. on March 11, 2002. On that date the defendant's counsel appeared in this court for the status conference, but the plaintiffs' counsel did not appear. At 2:40 p. m., the court entered a judgment of dismissal for failure to appear at the status conference. After two calls to the plaintiffs' counsel's office made by the court officer, Attorney Houlihan, plaintiffs' counsel, appeared in this court after 3:00 p.m.. CT Page 3986
By motion dated March 14, 2002, the plaintiffs have moved to open the judgment of dismissal. The grounds stated are that on March 10, 2002 Attorney Houlihan was in Worcester, Massachusetts, visiting his sister who was ill. "Counsel was distracted by these events and fatigued. The setting was forgotten. When the mistake was discovered, counsel immediately traveled to the court." Motion to Reopen Judgment at p. 2.
On March 11, 2002, Attorney Houlihan's office advised the court officer that he had received notice of the status conference. Apparently, if the court officer had not called his office, Attorney Houlihan would not have "discovered the mistake," and would have continued to ignore the notice.
The court is sympathetic to Attorney Houlihan's family problems. However, the Motion to Reopen presents a less than satisfactory explanation for Attorney Houlihan's failure to appear on time for the status conference, or in the alternative, failure to timely alert the court and opposing counsel, who traveled from Stamford for the conference, about those problems.
The ruling on the present motion must be made with reference to the plaintiffs' egregious failure to prosecute this action with diligence. On October 19, 2001 the defendant moved to dismiss this action due to the plaintiffs' lack of diligence in prosecuting their claims. In that motion the defendant represented that the plaintiffs filed this action in 1997, this court ruled on the plaintiffs' objections to Request to Revise on October 6, 1997, but the plaintiffs failed to revise their complaint until fifteen months thereafter. On February 11, 1999 the defendant filed a motion for nonsuit for the plaintiffs' failure to timely revise their complaint and for the noncompliance of the Second Revised Complaint dated January 27, 1999 with the court's previous order. The motion for nonsuit was denied and Ernst Young filed a request to revise the Second Revised Complaint asking the plaintiffs to make the changes previously ordered by Judge Graham and revise newly added allegations. In the meantime the plaintiffs were granted an exemption from the dormancy list.
The Second Request to Revise filed by defendant on May 12, 1999 requested the plaintiffs to revise Paragraphs 86 and 87 of Count Two which read as follows:
 86. At the time Ernst Young issued its audit opinions, it knew or should have known that those audits did not meet generally acceptable auditing principles. Indeed, in conducting those audits, Ernst Young failed to conform its actions with its own, internal auditing procedures.
87. In issuing its audits of Microbyx, Ernst Young acted with gross CT Page 3987 negligence or with reckless disregard for the truth or falsity of the opinions expressed in its audits.
Said Request to Revise asked that the foregoing paragraphs be revised to set forth in greater detail the specific generally acceptable auditing principles and internal auditing procedures that Ernst Young failed to follow, the manner in which Ernst Young allegedly failed to conform to such principles and procedures, and to describe in greater detail the specific opinions referred to and upon which the claims for gross negligence are based. On August 4, 1999 Judge Graham overruled the plaintiffs' objection to the foregoing request.
The Third Request to Revise requested that the plaintiffs revise the following paragraph of Count Three:
 94. Ernst Young failed to exercise reasonable care or competence of an accounting or auditing professional in obtaining or communicating the information contained in its opinions of the fairness or accuracy of Microbyx' financial situations in the following particulars.
Specifically, the defendant requested that the plaintiffs set forth the specific opinions referred to. On August 4, 1999 Judge Graham overruled the plaintiffs' objection to the foregoing request.
The Fourth Request to Revise requested that the plaintiffs revise the following paragraph of Count Four:
 72. By failing to disclose material information to the plaintiff shareholders, officers and directors of Microbyx, and in providing an opinion without conducting the necessary testing and investigation required by generally accepted auditing procedures, Ernst Young breached that duty.
(This is para 103 of Third Revised Complaint) The defendant requested the plaintiffs to describe the material information that Ernst Young allegedly failed to disclose and set forth in greater detail the specific opinion or opinions referred to and the manner in which Ernst Young failed to conduct "the necessary testing and investigation required by generally accepted auditing procedures." Judge Graham overruled the plaintiffs' objections to the foregoing request on August 4, 1999.
The Tenth Request to Revise filed by the defendant addressed the following paragraph of Count Three:
94. Ernst Young failed to exercise reasonable care or competence of CT Page 3988 an accounting or auditing professional in obtaining or communicating the information contained in its opinions of the fairness or accuracy of Microbyx' financial situations in the following
 c. Failure to exercise due professional care in the performance of the audit and the preparation of the report.
Ernst Young requested that the foregoing be deleted. On August 4, 1999 Judge Graham overruled the plaintiffs' objection to this Request.
In the Motion to Dismiss for lack of diligence the defendant also represented, and the file confirms, that after the court's August 4, 1999 ruling on the plaintiffs' objection to Request to Revise, the plaintiffs still had not revised their complaint as of October 19, 2001.
Thereafter on November 12, 2001, apparently in response to the defendant's Motion to Dismiss, the plaintiffs filed a Third Revised Complaint which completely failed to contain the requested revisions set forth above. Thereafter this case was transferred to the Complex Litigation Docket.
In light of the foregoing history of failure to prosecute with due diligence, this court is hesitant to open the judgment of dismissal without some conduct by plaintiffs which will demonstrate their ability and/or inclination to prosecute this action. Filing a Revised Complaint in accordance with Judge Graham's rulings set forth above will constitute such conduct. Therefore, this court will not reopen the judgment ofdismissal unless the plaintiffs within 15 days of the date of thisMemorandum file a Fourth Revised Complaint which is identical to theSecond Revised Complaint except that it complies with Judge Graham'sorder, containing the revisions set forth above.
As previously indicated, the Third Revised Complaint fails to comply with that order and also contains unrequested changes to the Second Revised Complaint. If the court granted the Motion to Open without requiring the plaintiffs to revise their complaint in accordance with Judge Graham's rulings on the defendant's Request to Revise, then the defendant again would be required to take some affirmative action to obtain the plaintiffs' compliance and also face new allegations which might require revision. The intent of this ruling is to obviate the defendant's need to engage in such conduct and to advance this action beyond the request to revise stage.
If the Fourth Revised Complaint is not filed timely or if it does notcontain the revisions referred to above (and only those revisions), thenCT Page 3989the Motion to Open will be denied. If the plaintiffs file a FourthRevised Complaint within 15 days of the date hereof which is identical tothe Second Revised Complaint, except that it contains the revisions setforth above, then the Motion to Open will be granted.
By the court,
____________________ Aurigemma, J.